ORIGINAL

# In the United States Court of Federal Claims

*Pro Se*
No. 14-528C
Filed: April 8, 2016

**FILED**

APR - 8 2016

U.S. COURT OF
FEDERAL CLAIMS

```
                                    )
RUSSELL J. YOUNG,                   )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
THE UNITED STATES,                  )
                                    )
                Defendant.          )
                                    )
                                    )
                                    )
```

Keywords: RCFC 12(b)(1); Motion to
Dismiss; Statute of Limitations; Money
Mandating Statute; Veterans' Judicial
Review Act; 38 U.S.C. § 7252.

*Russell J. Young*, Syracuse, NY, Plaintiff, *pro se*.

*Anand R. Sambhwani*, Trial Attorney, with whom were, *Benjamin C. Mizer*, Principal Deputy
Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Martin Hockey*, Assistant
Director, United States Department of Justice, Washington, DC, for Defendant. *Steven M.
Meyers*, Office of the Judge Advocate General, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff, Rev. Russell J. Young, brought this action pro se to challenge a decision by the
Board of Correction of Naval Records (BCNR or "the Board"), declining to upgrade his Bad
Conduct Discharge from the Navy to an Honorable Discharge, based on his Post-Traumatic
Stress Disorder (PTSD). Rev. Young seeks an award of back pay and disability benefits in
addition to the correction of his records.

The case is currently before the Court on the government's motion to dismiss for lack of
subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims
(RCFC), and in the alternative, motion for judgment on the administrative record. Rev. Young
has filed his own cross-motion for judgment on the administrative record. For the reasons set
forth below, the government's motion to dismiss is **GRANTED,** and the complaint is
**DISMISSED** without prejudice.

## BACKGROUND[1]

### I.     Rev. Young's Discharge from the Navy

Rev. Young began serving in the United States Navy on March 20, 1987. AR at 21. While serving on the USS Carl Vinson in 1990, Rev. Young injured his knee. Id. at 147–48. Rev. Young was subsequently sent to the Naval Medical Center in San Diego, California to receive out-patient treatment for his injury. Id. at 148.

After completing treatment, Rev. Young reported for duty in San Diego. Id. But on July 28, 1990, after an argument with his wife, Rev. Young left the base and decided not to report back for duty as required. Id.; id. at 236. Instead, knowing that he was not authorized to take leave from the Navy, he drove to La Grande, Oregon to visit his father and mother. Id. at 237–38; id. at 149. Rev. Young was "UA," or on unauthorized absence, for the next fifty-four days. Id. at 167.

During his period of unauthorized absence from the Navy, Rev. Young wrote fifty-nine checks that he knew would not clear because "there was no money in the account to cover the checks." Id. at 149. Because he was on active duty at the time, his conduct violated the Uniform Code of Military Justice, which prohibits active duty service members from knowingly issuing bad checks. Id. at 169.

On September 20, 1990, Rev. Young was taken into custody by military police. Id. at 239. He was charged with violations of 10 U.S.C. § 866 based on his unauthorized absence, and with violations of 10 U.S.C. § 932a for issuing checks without sufficient funds. Id. 328–33. After a hearing before a General Court Martial (GCM) at which he pled guilty to the charges, Rev. Young was sentenced to twelve months of confinement, was required to pay a $482 fine, suffered a reduction in his rank, and was ordered to be discharged from the Navy with a bad conduct designation. Id. at 76–80.

Thereafter, Rev. Young's case was reviewed by the U.S. Navy-Marine Corps Court of Military Review. Id. at 58. Rev. Young elected to be represented by an appellate defense counsel provided by the Navy. Id. at 71. The reviewing court found that the GCM applied an incorrect standard when it evaluated Rev. Young's alleged violations of 10 U.S.C. § 932a. Id. at 59. It found that the evidence was insufficient to support a conviction in twelve of the fifty-nine counts of issuing checks without sufficient funds. Id. As a result, it reduced Rev. Young's sentence to eleven months of confinement. It affirmed all other aspects of the sentence. Id. On March 3, 1992, Rev. Young was discharged from the Navy with a bad conduct discharge designation. Id. at 338.

---

[1] The facts set forth in this Opinion are based on the allegations in the complaint, ECF No. 1, which the Court accepts as true for purposes of ruling on the government's motion to dismiss, and on the Administrative Record, ECF No. 22. Citations to the Administrative Record are referenced as "AR at ___."

## II.    BCNR Decision

Rev. Young submitted applications to the BCNR seeking the correction of his military records on April 1 and October 29, 2012. Id. at 13–14. He contended that the court martial's sentence was "too harsh" and complained that he could not receive veterans benefits as a result of his bad conduct discharge. Id. He requested that the Navy "upgrade" his discharge to honorable. Id.

On March 13, 2013, the BCNR denied Rev. Young's applications. The BCNR found that "the evidence submitted was insufficient to establish the existence of probable material error or injustice." Id. at 21. It also "carefully weighed all potentially mitigating factors" and concluded that "these factors were not sufficient to warrant recharacterization of [Rev. Young's] discharge given [his] GCM conviction of very serious offenses." Id.

On March 31, 2014, Rev. Young requested that the BCNR reconsider its decision. Id. at 24–25. He alleged that the court martial "did not consider that this Veteran may have had PTSD because of the war[2] and the injury he sustained;" nor did it consider other personal issues involving his marriage and family. Id. at 24a. He also argued that "bad checks [are] a problem for the civilian community, not for the military." Id. at 25. He asked the Board to reconsider his request and upgrade his discharge to honorable so that he could "receive the medical attention he needs and the benefits that he has earned." Id.

The BCNR responded to Rev. Young's letter on April 27, 2014, denying his request for reconsideration. Id. at 26. The BCNR stated that the new evidence Rev. Young submitted "[was] not material" and that the Board's decision "would inevitably be the same." Id.

Rev. Young then sent the BCNR a second letter requesting that the BCNR again reconsider its decision. Id. at 350. Rev. Young included with his request a Department of Veterans Affairs "Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire" form that was filled out and signed by a psychiatrist. Id. at 353–58. Within the form, the psychiatrist noted that he diagnosed Rev. Young with chronic PTSD. Id. at 353.

On April 30, 2014, the BCNR denied Rev. Young's new request for reconsideration. Id. at 32. It stated that it had reviewed Rev. Young's PTSD Disability Benefits Questionnaire and concluded that the new evidence was not material to his bad conduct discharge. Id.

## III.    This Action

Rev. Young filed a complaint in this Court on June 20, 2014. See Compl., ECF No. 1. He alleges that the Navy "did not take into consideration that [he] may have had P.T.S.D." when he was originally convicted by the court martial, and that as a result, he was "unjustly and maliciously convicted." Id. at 1, 3. Similarly, he alleges that when it reviewed his conviction, "the BCNR did not consider that [he] may have had PTSD." Id. at 4. He requests that the Court

---

[2] It appears that Rev. Young's reference to war-related PTSD is based upon his involvement in what he refers to as "the Panama City Conflict, aka Operation Just Cause." AR at 24–24a.

3

order the Navy to "upgrade [his] discharge to Honorable under medical conditions so [he] can receive better treatment for [his] knees and [his] PTSD" and so that he can receive veterans benefits. Id. at 5. He also requests "[monetary] damages" and the "back pay" he would have received as a disabled veteran. Id.

The government responded to the complaint by filing an unopposed request that the Court stay the case pending a remand to the BCNR. See Def.'s Mot. to Remand, ECF No. 8. The government stated that a remand was necessary "out of an abundance of caution" in light of guidance issued by the Secretary of the Defense on September 3, 2014, which instructs the BCNR to consider discharge upgrade requests by veterans claiming post-traumatic stress disorder. Id. at 3. In particular, the guidance instructs that the BCNR should give "liberal consideration" to cases where "civilian providers confer diagnoses of PTSD" and in which the PTSD "might have mitigated the misconduct" that led to the other than honorable discharge. Id. Ex. 1 at 3.

This Court granted the motion by an Order of October 20, 2014, in which it remanded the case to the BCNR and instructed the Board to "consider plaintiff's request for the correction of his Naval records in accordance with supplemental guidance issued by the Secretary of the Defense." Order at 1, ECF No. 10.

The BCNR reviewed Rev. Young's application again on December 12, 2015. AR at 3–5. A three member panel of the BCNR, sitting in executive session, considered Rev. Young's request in light of the guidance from the Secretary of the Defense. Id. The Board found that Rev. Young's "PTSD was not a causal factor in [his] extended unauthorized absence or 59 separate instances of uttering bad checks" and that the offenses "substantially outweighed the mitigation provided by the existence of PTSD." Id. at 4.

As permitted by regulation, Rev. Young requested that the BCNR reconsider its decision. See Joint Status Report, ECF No. 11. On June 5, 2015, the Board considered Rev. Young's request and again concluded that Rev. Young had not shown that "writing 59 bad checks was connected to [his] PTSD" and that "the severity of [his] combined misconduct of a long-term unauthorized absence and the aforementioned bad check writing outweighs the mitigation provided by [his] PTSD condition." AR at 1.

On September 28, 2016, the government filed the Administrative Record. ECF No. 22. And on December 4, 2016, the government filed a motion to dismiss under Rule 12(b)(1) or in the alternative, motion for judgment on the administrative record. ECF No. 24. Rev. Young filed his cross-motion for judgment on the administrative record and response to the government's motion on January 21, 2016. ECF No. 26.

## DISCUSSION

In ruling on a motion to dismiss, the Court assumes that all factual allegations are true and construes all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933

4

F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

Pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). However, the Tucker Act does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff cannot invoke the court's Tucker Act jurisdiction unless he or she can identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

The Military Pay Act, 37 U.S.C. § 204, "provides for suit in [the Court of Federal Claims] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." Antonellis v. United States, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting Dysart v. United States, 369 F.3d 1303, 1315 (Fed. Cir. 2004)). But the Court's jurisdiction to hear Rev. Young's claim under the Military Pay Act is subject to the six year statute of limitations set forth in 28 U.S.C. § 2501. Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

Because the BCNR's review is "a permissive administrative remedy," a claim for unlawful discharge from the armed services first accrues when the member is discharged from active duty status, and not upon the Board's final decision. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); id. at 1310. Here, Rev. Young's discharge from the Navy occurred in 1992. AR at 338. As noted, his complaint was filed more than two decades later in 2014, well beyond the six-year limitations period. This Court, accordingly, lacks jurisdiction to consider his claim for back pay based on unlawful discharge from the Navy.

The Court also lacks jurisdiction to review the BCNR's refusal to upgrade Rev. Young's discharge to an honorable discharge for an independent reason. The Court of Federal Claims may order the correction of military records if it is "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). But this Court cannot "grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). Here, because the Court lacks jurisdiction over Rev. Young's claim for back pay resulting

from an unlawful discharge, it cannot independently order the BCNR to upgrade his discharge to honorable.

Rev. Young also cites 38 U.S.C. § 5107(a) as a source of relief in his complaint. Title 38 of the U.S. Code provides the statutory scheme under which veterans are entitled to benefits. However, to the extent that Rev. Young claims an entitlement to disability benefits based on his status as a veteran, this Court does not have jurisdiction to hear his claim. Kalick v. United States, 109 Fed. Cl. 551, 556–57 (2013), aff'd, 541 Fed. App'x 1000 (Fed. Cir. 2013).[3]

Finally, to the extent that Rev. Young's complaint could be construed as including a claim for disability retirement pay under 10 U.S.C. § 1201, such claims "do not accrue until the appropriate board either finally denies such a claim or refuses to hear it." Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990); see also Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005). Because Rev. Young has not exhausted his administrative remedies with regard to such a claim, this Court lacks jurisdiction to hear it.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss, and **DISMISSES** Plaintiff's complaint for lack of jurisdiction, without prejudice. The Clerk is directed to enter judgment accordingly.[4]

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[3] Claims to disability pay are subject to the Veterans' Judicial Review Act, 38 U.S.C. §§ 7251–99, which creates the sole statutory scheme under which former service members may challenge VA decisions denying access to veterans benefits. Under that Act, a veteran must first appeal the denial of his or her application to the Board of Veterans Appeals (BVA). 38 U.S.C. § 7104. Following an adverse decision by the BVA, the veteran can seek judicial review by the Court of Veterans Appeals. 38 U.S.C. § 7252(a). Finally, it is the Federal Circuit that has jurisdiction to review a decision by the Court of Veterans Appeals, not the Court of Federal Claims. Ledford v. West, 136 F.3d 776, 782 (Fed. Cir. 1998).

[4] Rev. Young has also filed a "Motion for Recognition," ECF No. 32, in which he requests that the Court recognize him as a pauper, a pro se litigant and a veteran of the United States Navy. This motion—whose purpose is somewhat unclear—is **DENIED** as moot. The Court notes, however, that it has already granted Plaintiff's motion to proceed in forma pauperis, that it understands that he is a pro se litigant, and that the record confirms his status as a veteran of the Navy.